IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| DARIN HICKS, | ) |
| Plaintiff, | ) CIV. ACT. NO. |
| vs. | ) COMPLAINT |
| | ) DAMAGES |
| DAANIA CORPORATION, and | ) EQUITABLE RELIEF |
| JOHN MOMIN, individually and | ) JURY TRIAL |
| Jointly, | ) |
| Defendants. | ) |

Complaint

COMES NOW Plaintiff, Darin Hicks, who brings this action to recover unpaid wages and overtime compensation due him, under the Fair Labor Standards Act of 1938, as amended, and shows the Court as follows:

Jurisdiction and Venue

1. Jurisdiction of this action is conferred upon the Court by Section 16(b) of the Fair Labor Standards Act, 28 U.S.C. § 1331 (federal question) and 28 USC § 1337 (an action impacting commerce).

2. Plaintiff also brings this action in the alternative to enforce an agreement or proceedings before the Department of Labor by which Defendants agreed to pay $21,188.56 but only paid $9,758.54.

3. Plaintiff asserts a retaliatory termination in violation of 29 U.S.C. § 215(a)(3).

4. Plaintiff also asserts supplemental jurisdiction under 28 U.S.C. § 1367.

5. The Plaintiff, DARIN HICKS, is an adult competent to bring this action and is a resident of Augusta, Georgia.

1

6. Plaintiff Hicks was employed by the owners of the Days Inn, located at 906 Molly Pond Road, Augusta, GA 30901.

7. Plaintiff was engaged in a part of interstate commerce.

8. Upon information and belief, the Days Inn is owned by the Defendant DAANIA Corporation, according to the Georgia Secretary of State website as of May 16, 2012 at 2:47 pm.

9. DAAINA Corporation was an employer or enterprise engaged in commerce.

10. The Registered Agent for purposes of service is John Momin 906 Molly Pond Road, Augusta, GA 30901.

11. Upon information and belief, DAAINA Corporation had sales in excess of $500,000.00 in annual gross sales for the relevant period.

12. Defendant John Momin is a "person" who was acting in the employer's interest in his dealings with Plaintiff Hicks and Momin is covered by the FLSA. 29 U.S.C. § 203(d).

13. Defendant John Momin is the CEO, CFO and Secretary of DAAINA Corporation, and at all material times herein was an individual who exercised control over the nature and structure of the employment relationship with Plaintiff Hicks on behalf of DAAINA Corporation, and the enterprise of the Defendant Corporation and John Momin.

14. Defendants DAAINA Corporation and John Momin are sued individually and jointly.

15. In the alternative, Defendants DAAINA Corporation and John Momin are sued as an enterprise.

Facts

16. Plaintiff originally began working for Defendants on February 16, 2009.

17. Defendants' supervisor of Plaintiff was Ray, who is related to John Momin.

18. Ray and Plaintiff agreed to be paid $7.25 an hour.

19. When Ray was managing the Defendants' Days Inn, Plaintiff was paid appropriately for all of Plaintiff's regular and overtime hours worked.

20. Defendent John Momin became the manager for Defendants' Days Inn on about November 17, 2009.

21. Plainitff worked from November 17, 2009, until he was terminated on July 13, 2010.

22. Mr. Momin never paid Plaintiff anything until after June 2010, when Plaintiff contacted the U.S. Department of Labor, and an agent of the Department then contacted Defendant Momin.

23. Attached hereto is a copy of relevant time sheets.  Ex. 1 and a summary Ex. 2.

24. Plaintiff did not agree to be charged for lodging and did not consent to pay Defendant Momin for lodging.

25.  In about early June 2010, Plaintiff went to the U.S. Department of Labor and asked the Department to take action to recover unpaid regular time and overtime for him.

26. About a week later, Defendants' senior agent, John Momin, admitted to Plaintiff that he had been contacted by Ms. Stanton, of the Departement of Labor.

27. Defendant Momin said that Ms. Stanton wanted to know Plaintiff's hours, so Momin instructed Plaintiff to provide his hours.

28. Plaintiff used his time cards (Ex. 1) to calculate the amounts due and sent that information to the Department of Labor.

29. Ms. Stanton calculated hours and amounts not paid.  Ex. 2.

30. Ms. Stanton called and told Plaintiff that she had reached an agreement with Mr. Momin to have him pay $8,990.00 as regular time and $16,698.56 for overtime, for a total of $25,688.56.  Ex. 3 (WHISARD Compliance Action Report)(2 pp).

31. Ms. Stanton said that Mr. Momin agreed to make a payment of $10, 594.28 on July 19, 2010, and $10,594.28 on August 13, 2010. Ex. 2 (notations).

32. Ms. Stanton also informed Plaintiff that Mr. Momin had indicated that he would terminate Plaintiff on the day he was paid.

33. Mr. Momin terminated Plaintiff on July 13, 2010.

34. Momin fired Plainitiff in retaliation for participating in protected activity.

35. Plaintiff was out of work until mid-May 2011 when he found part time work.

36. On July 19, 2010 Momin gave Plaintiff a check for $4,979.27. Ex. 4.

37. On August 11, 2010 Momin gave Plaintiff a check for $4,779.27. Ex. 5

38. This is a statutory proceeding not nullified by what Mr. Momin wrote on the checks.

39. Mr. Momin payback wages in full and the matter was not settled as part of a lawsuit.

40. What Mr. Momin wrote on the checks does not show knowing and voluntary waiver of statutory rights, or a supervised Department of Labor settlement.

41. Mr. Momin provided no more checks.

42. Under the agreement, which Plaintiff did not structure, Mr. Momin was to pay $25,688.56 (Ex. 3) but he has only paid $4,979.27 + $4,779.27 = $9,758.54, with a difference of $15,930.02.

43. Mr. Momin later presented Plaintiff with a false W-2 in an amount that would reflect that all payments had been made.

44. When Plaintiff's supervisor was Ray, nothing was deducted for board.

45. Plaintiff did not consent to the deduction for board.

46. Since the termination of Plaintiff on about July 13, 2010, Defendants have changed the name of the business several times.

47. When Plaintiff was employed by the Defendants' Days Inn, the Plaintiff worked a substantial number of hours of regular time, for which the Plaintiff has not been properly compensated by Defendants as required by the Fair Labor Standards Act.

48. When Plaintiff was employed by the Defendants' Days Inn, the Plaintiff worked a substantial number of hours of overtime, for which the Plaintiff has not been properly compensated by Defendants as required by the Fair Labor Standards Act.

49. Accordingly, the Plaintiff is due unpaid regular and overtime wages.

50. Plaintiff should have been paid the regular hourly rate of $7.25 for all of such hours of regular time, plus an overtime premium of one-half of the hourly rate for each hour worked in excess of forty hours in any given week, or the rate of $10.87 per hour for overtime.

51. In willful and wanton disregard of the law the Defendants' Days Inn has failed to pay the Plaintiff regular time compensation as required by law, and has failed and refused to pay the Plaintiff overtime as required by law after receiving the Plaintiff's demand for said payment.

52. Because the Defendant Days Inn has not acted in good faith and has acted willfully, the Plaintiff is entitled to recover as liquidated damages an amount equal to the total amount of unpaid wages and overtime which the Defendants owes the Plaintiff for all weeks that the Plaintiff worked for the Defendants.

53. It has been necessary for the Plaintiff to hire the services of an attorney to institute and prosecute this action against the Defendant Days Inn, and the Plaintiff has employed the attorney now appearing herein on his behalf.

54. The Plaintiff will be required to expend reasonable attorney's fees for said attorney in the interest of this action, and to expend other costs and expenditures necessarily incurred, and the Plaintiff has agreed to pay said attorney for his services herein.

55. The Defendant should be required to pay the Plaintiff's reasonable attorney's fees and the other costs, as is authorized by the Fair Labor Standard Act.

56. Defendant's refusal to pay has been in a knowing, and willful and intentional disregard of his duty to pay.

## Claims

### Claim I

(Upaid Regular and Overtime Hours)

57. Plaintiff incorporates each and every paragraph above as if stated herein.

58. Defendants have intentionally and willfully refused and failed to pay amounts due when due for regular and overtime pay.

59. There is no technical or accounting error associated with the refusal to pay anything for a period of nine months, until after Plaintiffenlisted the aid of the U.S. Department of Labor.

60. Plaintiff was due a total of over $25,688.56 that was not paid on time.

61. Under 29 U.S.C. § 216(b) Defendants owe an additional, equal amount as liquidated damages, totaling $51, 377.12.

62. Defendants have only paid Plaintiff $9,758.54.

63. Although Defendants gave Plaintiff a W-2, Plaintiff has not been given proof that Defendants actually paid the U.S. Treasury or the Georgia Department of Revenue.

64. Defendants still owe $41, 618.58 for unpaid regular and overtime.

### Claim II

(Retaliatory Termination)

65. Plaintiff incorporates each and every paragraph above as if stated herin.

66. Plaintiff went to the U.S. Department of Labor in June 2010 and instituted or caused to be instituted a proceeding under or related to the payment of regular and overtime wages, consistent with the law. 29 U.S.C. § 215(a)(3). \

67. In connection with his protected activity, Defendants caused Plaintiff to be terminated on July 13, 2010.

68. Using Ex. 2 Plaintiff's average weekly wage for Defendants was $846.96.

69. Plaintiff's average weekly wage was determined by eliminating the last three weeks from Ex. 2, because they appear to deviate from the normal weekly pay, and by taking the sum of the remaining 28 weeks, and by dividing by 28 to determine the average pay.

70. Plaintiff therefore would have a yearly lost income, of $42,348.00, at 50 weeks with two weeks off for vacation.

71. Although reasonably pursuing employment opportunities, Plaintiff was unable to find work until May 20, 2011, when he obtained temporary employment through an employment agency and worked until around June 20, 2011.

72. Plaintiff was injured in an auto accident in a car wreck on June 20, 2011 and was unable to work again until early September.

73. Assuming an average weekly wage of $846.96, because Plaintiff is entitled to liquidated damages of an amount equal to lost wages, Plaintiff continues to approve damages at the rate of $1,693.92 per week.

74. From September 2011 to June 1, 2012, there were approximately 39.429 weeks during which Plaintiff could not find work, for a total of $66,789.57 lost wages.

Wherefore, the Plaintiff prays:

A.	That the Defendant DAAINA Corporation and Defendant Momin be served with a summons and copy of this Complaint, requiring the Defendants to answer said Complaint;

B.	That the Plaintiff and all other similarly situated persons have and recover from the Defendants, individually and jointly, all unpaid wages and overtime, along with liquidated damages, all as provided by the Fair Labor Standard Act, as well as reasonable attorney's fees and costs;

C.	For such other and further relief as to the Court may seem just and proper.

PLAINTIFF REQUESTS TRIAL BY JURY

Respectfully submitted this 18th day of May, 2012.

/s/ John P. Batson
John P. Batson
Attorney for Plaintiff
Ga. Bar No. 042150

Prepared by:
John P. Batson
P.O. Box 3248
Augusta, GA 30914-3248
Phone 706-737-4040
FAX 706-736-3391