IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| DARIN HICKS, )<br> )<br>          Plaintiff, )<br> )<br>vs. )<br> )<br>DAANIA CORPORATION, and )<br>JOHN MOMIN, individually and )<br>Jointly, )<br> )<br>          Defendants. )<br>_____) | CIV. ACT. NO.: 112-075<br><br>JOINT MOTION TO<br>APPROVE SETTLEMENT<br>OF FLSA ACTION |

JOINT MOTION TO APPROVE SETTLEMENT OF FLSA ACTION

NOW COMES Plaintiff, Darin Hicks, and Defendants Daainia Corporation and John Momin by and through counsel and file this joint motion to approve the settlement of the above-captioned FLSA action.

FACTORS FOR THE APPROVAL

As this court ordered in *Barnes v. Ferrell Electric*, Case No. CV 113-056 (Order dated 10.16.13), a joint motion for aproval should address four areas:

> In filing the joint motion, the Court emphasizes that certain information is necessary to permit the Court to assess and approve the fairness of the settlement. **First [factor]**, it should be clear from the record that the parties are in fact engaged in a **bona fide dispute** as to FLSA coverage, the amount of overtime hours claimed, or other amounts due under the FLSA. See Lynn's Food, 679 F.2d at 1353 n.8, 1355.  **Second [factor]**, the parties should attach the **settlement agreement** to their joint motion. See Dees, 706 F. Supp. 2d at 1244. **Third [factor]**, the Court warns that a pervasive release in the settlement agreement will be considered unfair and warrant denial of the joint motion for approval of the settlement.  The **release should be limited to FLSA liability**. **Fourth [factor]**, the motion must indicate the **amount of the settlement allocated to attorney's fees** and whether the **attorney's fees were agreed upon separately** and without regard to the amount paid to Plaintiff for back wages and liquidated damages.

1

**SECOND AND THIRD FACTORS**: SETTLEMENT AGREEMENT ATTACHED HERETO

The proposed settlement agreement is limited to FLSA liability. The Parties will execute the agreement consistently with the order of the court and resubmit upon execution for final aapproval. ECF Atch. 3 to motion.

BACKGROUND (RELATED TO **FIRST FACTOR**)

Plaintiff became an employee of Defendant Daaina Corporation and John Momin in November 2009, after Mr. Momin purchased the hotel at which Mr. Hicks was working for the prior owner. ECF Atch. 1 to motion, Hicks Dec. ¶ 3-4.

Mr. Hicks lived at the premise and performed various functions around the hotel. *Id.* at ¶ 4.

Mr. Hicks was not paid by Mr. Momin for a prolonged period, and in June 2010 Plaintiff contacted the US Department of Labor and eventually an agreement was reached through the Department of Labor for Momin to pay Mr. Hicks for his regular time and overtime, but with no provision for liquidated damages, as called for in the Fair Labor Standards Act, 29 U.S.C. §216(b) (hereinafer referred to as "liquidated doubling"). *Id.* at ¶ 5.

There was no written agreement executed by Mr. Hicks that he was waving liquidated doubling. *Id.* at ¶ 8-9.

On the other hand, it was expected at trial that the defendants would get testimony from an employee of the Department of Labor who indicated that Mr. Hicks had agreed to settle for regular and overtime with no liquidated doubling. *Id.* at ¶ 20 & 21; ECF Atch. 2 to motion, Batson Dec. at ¶ 12. Case law indicated that unless a specific waiver form was signed by the wage earner, liquidated doubling was not wavied.

So there was a risk to both sides that there would be extended litigation one way or the other over the issue of whether a verbal waiver and agreement could be used as some kind of bar to pursuing liquidated damages, of which Mr. Hicks was informed. Hick's Dec. ¶ 21 & 22.

With respect to the actual amount of payments received which spurred the lawsuit, Mr. Hicks was informed that Mr. Momin agreed to make a payment of $10, 594.28 on July 19, 2010, and $10,594.28 on August 13, 2010. *Id.* at ¶ 10.

On July 19, 2010 Momin gave Plaintiff a check for $4,979.27, and on August 11, 2010, Momin gave Plaintiff a check for $4,779.27. *Id.* ¶ 11. The employer-Defendant did not give Mr. Hicks any paperwork indicating that Defendant had withheld and paid taxes from the amounts Hicks expected to receive. *Id.* at ¶ 12.

Hicks alleged that at about the time that he received the checks, he was retaliatorily terminated and told to leave. *Id.* at ¶ 13.

Mr. Hicks thereafter sought counsel.

The complaint was filed, which asserted that Hicks had not been paid the amount agreed upon to be paid under the DOL agreeement. The complaint also sought liquidated doubling and asserted a retaliation claim . Doc. 1.

Documents were exchnaged and depositions taken of the parties.

Defendants produced evidence showing that the extra money that was witheld from the sum in the orginal agreement, before Hicks was given checks of about $5000, had been witheld by Defendant and paid to the IRS. Hicks Dec. ¶ 29; Batson Dec. ¶ 7.

After a great deal of consideration of the circumstances both counsel deduced that apparently a bookkeeper had looked up the withholding based on a weekly wage of $10,000 and

3

applied it as if Hicks would earn $500,000 annually, which would account for the substantial withholding of about one-half of the pay.

### SETTLEMENT REFLECTS REASONABLE COMPROMISE OVER DISPUTED ISSUES
### (**FIRST FACTOR**- BONAFIDE DISPUTES)

"If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1354 (11th Cir. 1982).

As the bench trial approached the remaining issues were:  (1) Whether plaintiff could get liquidated damages in light of the verbal agreement, possible testimony from the DOL Investigator, and some estoppel theory; (2) Whether Plaintiff could prove willfulness to reach back three years;[1] (3) Whether Defendant terminated Plaintiff in retaliation for protected activity; and, (4) If the agreement were void, what amount would be set as to amount actually owed for regular and overtime wages.

---

[1]  Plaintiff worked for Defendant from about November 2009 through July 2010.  Doc. 1.  The complaint was filed 05.18.12.  Id.  For any recovery not requiring proof of willfulness, under a two-year limitation, a pay week would have to be one ending after 05.18.10.  Plaintiff was only employed by Defendant for about two and one half more months after May 2010.  In order to reach the entire amount as liquidated damages Plaintiff would have to prove willfulness, which has a three year statute of limitations.  This determination would have been subject to the question about the estoppel effect of the agreement, and any litigation costs and risks of that question.

After the pretrial proceedings, in the conference with the court and an understanding that Defendants would attempt to get testimony from the Department of Labor that Plaintiff had knowingly waived his right to liquidated damages, counsel for Plaintiff explained to his client that there was a risk that the court could find that liquidated damages had been waived; further even if Plaintiff prevailed at trial, that if the Defendants had the appropriate evidence, they would consider an appeal, which would prolong the process. Hicks Dec. ¶ 20-22; Batson Dec. ¶12. This claim was also dependent on the credibility of the Plaintiff, who is a convicted felon, and therefore was subject to impeachment. Hicks Dec. ¶ 23 & 25; Batson Dec. ¶ 9.

The claim for liquidated damages, that was subject to the estoppel arguments, was also bracketed and limited by the fact that the period from Novermber 2009 through April 2010 as to liquidated doubling would be outside of the two-year statute of limitations, and would be subject to proof of willfulness.   Hicks Dec. ¶ 17; Batson Dec. ¶14.

Plaintiff's claim for retaliation was subject to the credibility contest between Plaintiff and Defendant, and Hicks had been unable to provide any evidence to tip the scales in Plaintiff's favor.  Hicks Dec. ¶ 25 ; Batson Dec. ¶ 10 . Also, plaintiff is a convicted felon, and therefore was subject to impeachment. Hicks Dec. ¶ 25; Batson Dec. ¶ 9.

### PROCESS OF CLAIMS RESOLUTION REFLECTS SEPARATE RESOLUTION OF PLAINTIFF'S CLAIMS FROM ATTORNEYS FEES
(**FOURTH FACTOR: SEPARATE ALLOCATION OF FEES AND DAMAGES**)

Counsel began negotiation months before trial preparation but the negotiation became stalled, which was one of the reasons to request a trial by the Magistrate Judge.

After briefing the issues to be tried, counsel and the court had a phone conference on 07.11.14 including discussion of the issue of waiver of liquidated damages, counsel agreed to discuss settlement of Plaintiff's claims.

5

Plaintiff's and Defendant's counsel agreed to and only discussed settlement of the Plaintiff's FLSA claims, independent of any amount for fees. Batson Dec. ¶ 16.

After discussing with Plaintiff all of the risks of the merits of the case and possible prolonged outcome (Hicks Dec. ¶ 17, 20 – 25; Batson Dec. ¶ 9 - 15), but as to issues that Defendant might not be able to pay in lump sum, Plaintiff was willing to compromise. Hicks Dec. ¶ 24 – 27; Batson Dec. ¶ 17. An agreement was reached so that Hicks would receive $15,000 toward liquidated damges, as to which no withholding would be taken out, and that it would be paid out over a year.  Hicks Dec. ¶ 27.

On July 22, 2014 the parties reached the agreement as to the amount of $15,000 for Hicks and that it was to be paid over a year.  Batson Dec. ¶ 18.

## COUNSEL'S ATTORNEYS FEES AND AGREEMENT TO PAY ATTORNEYS FEES

Plaintiff's counsel had approximately 60.76 hours of time spent on the case.  Batson Dec. ¶  21 Exibit 1.

The Parties reached an agreement on the amont of fees and costs on August, 28, in the total amount of $12,000. Batson Dec. ¶ 19.

Counsel will allocate $921.65 of that amount toward costs, so the effective fees paid are $11,078.35. Batson Dec. ¶ 20, Exhibit 1.

 Counsel had 60.76 hours. Batson Dec. ¶ 21, Exhibit 1. Doing the math, that is $182.33 per hour.

The parties agree that this amount is within the range of hourly rates in the Augusta area, although on the low side.  Plaintiff's counsel was willing to share the risk.  Batson Dec. ¶ 25.

## DEFENDANTS INABILITY TO PAY -- AND NEED FOR PAYMENT OVER TIME

Factoring the Defendant's financial difficulties into the equation for the terms of the settlement, both as to amount and conditions payment, it was recognized that the Defendant could not afford to pay in one lump sum. Hicks Dec. ¶ 24, 27 – 28. A solution acceptable to Plaintiff and his counsel was to have Defendant make payments over a year. Hicks Dec. ¶ 26 & 27; Batson Dec. ¶ 18.  Plaintiff was willing to compromise in order to get something rather than nothing, and therefore agreed to payments over time. Hicks Dec. ¶  24, 27 & 28. Plaintiff Hicks has the understanding that after the agreement is signed and approved, payments would start a month or two thereafter and continue for a year. Hicks Dec. ¶ 28.

## REQUEST FOR THE COURT TO RETAIN JURISDICTION UNITL PAYMENTS ARE COMPLETE

Plaintiff asks and counsel agree that the court may retain jurisdiciton of this matter until payments are complete.

Respectfully submitted this 31st day of October, 2014.

/s/ John P. Batson
John P. Batson
Attorney for Plaintiff
Ga. Bar No. 042150
P.O. Box 3248
Augusta, GA 30914-3248
Phone 706-737-4040
FAX 706-736-3391

/s/ J. Edward Enoch, Jr.          Jack
J. Edward Enoch
Attorney for Defendant
Ga. Bar No. 249325

J. Edward Enoch, P.C.
3540 Wheeler Road, Suite 312
Augusta, GA 30909
Tel. (706) 738-4141

CERTIFICATE OF SERVICE

      This is to certify that the undersigned attorney did this date serve a copy of the within and foregoing Notice of Withdrawal of Jury Demand upon all counsel of record by one or more of the following method(s):

☐     Depositing the same with a commercial expedited delivery service thereon to the following address(es):

> J. Edward Enoch, P.C.
> 3540 Wheeler Road, Suite 312
> Augusta, GA 30909
> Tel. (706) 738-4141

☐     Delivering a copy to counsel by hand to the following address(es):

☐     Faxing a copy of the same to the following Fax No(s).:

☒     E-mailing a copy of the same through the court's e-mailing system

Respectfully submitted this 31st day of October, 2014.

                                          /s/ John P. Batson
                                          John P. Batson
                                          Ga. Bar No. 042150
                                          Attorney for Plaintiff

Prepared by:

John P. Batson
P.O. Box 3248
Augusta, GA 30914-3248
Phone 706-737-4040
FAX 706-736-3391